[File No. 6058.]

GEORGE J. DAHL, Respondent, v. WINTER-TRUESDELL-DIERCKS COMPANY, a Corporation, Appellant.

(243 N. W. 812.)

Opinion filed July 18, 1932.

*Libby & Harris,* for appellant.

*Ivan Melzger,* for respondent.

BURKE, J. This is an action against an elevator company for conversion of wheat. The original complaint alleges, in substance, that the plaintiff had stored wheat with the elevator company, receiving storage tickets therefor, and had purchased wheat stored in said elevator by others, who assigned and delivered the storage warehouse receipts to the plaintiff. That the plaintiff lost the storage receipts and the defendant elevator company would not buy the grain without a bond in the sum of $2,000.00, which bond was executed and delivered to the elevator company by the plaintiff. That after the execution and delivery of the bond, the defendant refused to buy the wheat or deliver the same to the plaintiff on demand.

There was a demurrer to this complaint, which was overruled, and on appeal to this court, the order appealed from, was reversed upon the ground that the remedy provided for recovery on lost warehouse receipts in Section 3125A14, 1925 Supplement to the Compiled Laws, 1913, being section 14 of the Uniform Warehouse Receipt Act, was mandatory, and as the plaintiff had not proceeded under that statute, the complaint did not state a cause of action. 61 N. D. 84, 237 N. W. 202. Later the plaintiff, with leave of court, filed a second amended complaint, alleging in substance, that he stored with the defendant elevator company 58 bushels and 40 pounds net of number one dark northern wheat, receiving therefor storage ticket number 38813; 57 bushels net of number one dark northern wheat, receiving therefor storage ticket number 3845. That one Ole Anderson delivered to the defendant 59 bushels net of dark northern wheat, receiving therefor storage ticket number 38877; that the plaintiff purchased the wheat of said Ole Anderson, who endorsed and delivered to the plaintiff the storage ticket; that one Charles Kettleson delivered to the defendant company 498 bushels net of wheat, grading number one dark northern, receiving therefor storage ticket number 12130 and thereafter the plaintiff purchased from the said Charles Kettleson the said wheat, Kettleson endorsing and delivering the storage ticket to the plaintiff. That thereafter, and on or about the 1st day of July, 1925, the defendant com-

pany, while still in possession of the grain in this complaint described and owned by the plaintiff, did ship out all of the grain stored in its elevator at Zahl, North Dakota, not leaving any grain therein whatsoever, and did wholly cease to do and carry on any elevator business at Zahl, North Dakota, and did no longer have an agent or agency at said point, and by virtue of said premises did convert the grain belonging to the plaintiff to its own use and benefit. That the plaintiff, after the closing of the defendant elevator at Zahl, and after it had wholly ceased to do business at the said point, and after it no longer had an agent at the said place, did many times desire to have returned to him the grain that he had on storage in said elevator, but that he knew that said grain was no longer in the elevator, that he was at all times ready, willing and able to pay all storage charges or other charges that the defendant company did have or could have against the said grain, but due to the fact that it had closed its elevator and had ceased to operate at the said point of Zahl and no longer had an agent at said place, there was no one at said place to whom the plaintiff could tender the payment of said charges and demand the return of the said grain. There is an allegation of the value of the grain at that time and a prayer demanding judgment for the aggregate value of the grain.

There is no allegation in the complaint, or claim, therein, that the storage tickets are lost. It is an action for conversion of grain represented by negotiable storage tickets, or warehouse receipts, which the plaintiff claims were delivered to him and that he is the owner thereof. It is alleged that the grain represented by the storage tickets was shipped out of the elevator, the elevator closed and there was no agent, or representative, of the defendant elevator company to whom the plaintiff could make demand for his grain, or for its value.

In interposing the demurrer the defendant admits that the grain described in the plaintiff's complaint, was stored in the elevator; that the warehouse receipts, as described in the complaint, were issued and delivered to the plaintiff and that he is the owner thereof. It admits that on the 1st day of July, 1925, it shipped all of the grain stored in the elevator at Zahl, not leaving any grain therein whatsoever and that it wholly ceased to do, or carry on, an elevator business at the said place of Zahl and there is no longer any agency, or agent, at said place upon whom demand could be made.

The appellant contends that the court should review the entire record, including the original complaint, the briefs of the parties in the supreme court, the decision of the supreme court and the first amended complaint, as well as the second one.

It is true that a demurrer searches the record, but the complaint is the first pleading in the record and it is well settled that an amended complaint, which is complete in itself and does not refer to, or adopt, the prior pleading, supersedes it and the original pleading ceases to be a part of the record, being in effect abandoned, or withdrawn, and being functus officio, with a result that the subsequent proceedings in the case are to be regarded as based upon the amended complaint, which will not. be aided by anything in the prior pleading, and any ruling of the court with relation to the sufficiency of the original pleading is not properly in the record. 49 C. J. 558.

In the second amended complaint there is no reference whatever to any former pleadings and it stands in court just the same as it would have stood had it been the original pleading in the action. The original complaint and the first amended complaint are now no part of the record, as the case stands solely upon the amended complaint and, of course, it is well settled that the demurrer reaches only the defects apparent upon the face of the pleading demurred to. 49 C. J. 420, § 534.

There is merit in appellant's contention that the complaint does not allege a demand upon the defendant prior to the bringing of the action in conversion. The complaint alleges that the defendant shipped all the stored grain out of the elevator leaving no grain therein whatsoever, but it does not allege that the defendant sold the grain or that he did not have it or other grain of like quality and quantity in a terminal elevator.

Section 3113, Compiled Laws, 1913, provides that "Each storage ticket issued in this state shall expressly provide that at the option of the holder of such receipt the kind, quality and quantity of grain for which such receipt was issued shall be, on his demand, delivered back to him, at any terminal point or at the same place where it was received upon the payment of a reasonable charge per bushel."

In the case of State ex rel. Hermann v. Farmers' Elevator Co. 59 N. D. 679, 231 N. W. 725, at page 685, this court said "Under the terms of the storage contract the plaintiff was not required to sell nor

was the defendant elevator company required to buy. The plaintiff might leave the grain in storage indefinitely so long as he paid the proper charges, and then demand it either at the place where stored or at any terminal point, as he saw fit; but he could not demand it at both places. Of course the elevator company could not have it at both places at the same time. It follows then that a demand on his part was necessary in the absence of proof that the elevator company could not comply with the demand in one place or the other."

In the instant case it does not appear from the complaint that the defendant did not have the grain in a terminal elevator and that it could not and would not have restored the grain, on demand, to the defendant at Zahl and therefore the complaint does not state facts sufficient to constitute a cause of action in conversion and the order appealed from must be and is reversed.

CHRISTIANSON, Ch J., and BIRDZELL, NUESSLE and BURR, JJ., concur.