MATHEWS *v.* UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA.

1. PLEADING—MOTION TO DISMISS—ALLEGATIONS OF FACT.

A trial court, and the Supreme Court on appeal, must accept as true the well-pleaded conclusions of fact as they appear in a bill of complaint when determining the proper order to enter upon presentation of a motion to dismiss.

2. LABOR RELATIONS—COURTS—UNIONS—EXPULSION OF MEMBERS.

Courts will interfere with the decision of a labor association expelling one of its members if the rules of the association governing expulsion have not been observed or if the accused member has not been afforded those rudimentary rights which will give him a reasonable opportunity to defend against the charges made.

3. SAME — COURTS — UNIONS — MOTION TO DISMISS — EXPULSION OF MEMBERS.

Bill alleging that plaintiffs were union members in good standing, had each invested $100 in certificates of indebtedness issued by corporation formed by union's trustees for purchase of real estate on land contract for use as business office of union, that contract had been given up and possession restored to owner unbeknownst to plaintiffs who were unable to ascertain all the pertinent information and filed a bill for discovery and for an accounting by the corporation, whereupon certain defend-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 332.
[2] 31 Am Jur, Labor §§ 68–73.
[3] 3 Am Jur, Appeal and Error § 852.

ants therein named circulated allegations accusing plaintiffs: of commencing an action contrary to provisions of the union's. constitution, followed by a "fact sheet" issued by plaintiffs, and that charges were filed against plaintiffs resulting in their expulsion and levying of a fine for reinitiation *held*, to have stated a cause of action necessitating a trial on the merits rather than disposal by granting defendant union's motion to dimiss in order to protect union's disciplinary procedure and members' rights.

4. APPEAL AND ERROR—PLEADINGS—MOTION TO DISMISS—QUESTIONS REVIEWABLE.

No consideration is given a defendants' answer that is filed in support of their motion to dismiss, where appeal is taken from denial of their motion to dismiss.

5. WITNESSES—CONTROVERTED ADMINISTRATIVE TRANSACTION.

The production of witnesses having knowledge of a controverted administrative transaction should be ordered where one party swears in his pleading that no proof was submitted or taken on or during the course of such a transaction and the opponent swears in his pleading that decisive proof was received and utilized on the same occasion (CL 1948, § 618.8; Court Rule No 32 [1945]).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 15, 1957. (Docket No. 57, Calendar No. 47,116.) Decided March 5, 1958.

Bill by Delmar F. Mathews and 8 other union members against the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, and Local 636 thereof, to enjoin orders of fines and expulsion. Motion to dismiss bill denied. Defendant. Local 636 appeals. Affirmed.

*Dee Edwards,* for plaintiffs.

*Zwerdling, Zwerdling, Keith & Livingston,* for defendant Local 636.

BLACK, J. As in *L'Hommedieu* v. *Smith,* 351 Mich 223, we have before us another example of errant effort to try, by motion to dismiss distinguished from

formal testimonial hearing, issues that are properly pleaded in a bill of complaint.

It is alleged, in the bill before us:

That the 9 plaintiffs "have been members in good standing of the defendant unions for many years and until the occurrence of the events" presently outlined; that defendant United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (designated "United Association") is an unincorporated labor association "with a membership of many thousands of workers employed in . * * * in the plumbing and pipe-fitting industries;" that defendant Local 636 United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (designated as "Local Union") is an unincorporated labor association chartered by the defendant United Association; that in 1951 the Local Union (through its designated trustee and a separately organized entity known as Pipe Fitters Local 636, Building Association, Inc.), entered into an executory land contract for the purchase of certain real estate in Detroit "for use as its business office;" that in order to finance acquisition of such real estate the mentioned separate entity "issued, authorized and sold certain certificates of indebtedness in the face amount of $100 each to divers persons, among whom were your plaintiffs herein;" that the certificates of indebtedness were secured by the vendee's equity as evidenced by such executory contract; that in 1954 the mentioned separate entity "discontinued its purchase of said building and restored possession thereof to the owner of record, the circumstances and details of said transaction being unknown to your plaintiffs;" that plaintiffs have made numerous and unavailing efforts to obtain information "with reference to the purchase of said building, income therefrom, ex-

penditures and other matters of interest to them as holders of said certificates of indebtedness;" that in 1956 they, the present plaintiffs, filed a separate bill in the Wayne circuit "for discovery and an accounting of the affairs of said corporation;" that upon the filing of said separate bill certain of the defendants named therein "circulated allegations in and about plaintiffs' fellow union members in the Local Union to the effect that plaintiffs herein had commenced an action  *  *  *  contrary to the provisions  *  *  * of the constitution of the United Association;" that for "the purpose of contravening such false and malicious accusations  *  *  *  plaintiffs authorized and caused to be issued and distributed a certain 'fact sheet'* for the purpose of explaining their actions and enlisting the support of their fellow union members and other purchasers of certificates of indebtedness in their efforts to obtain information about the actions of the aforesaid corporation;" that later in the year 1956 certain of the present defendants filed charges against the present plaintiffs, "in and with the Local Union," alleging a violation by such plaintiffs of certain sections of the constitution of the defendant United Association reading as follows:

"Sec. 180.  Any member of the United Association found guilty of sending out circular letters of falsehood and misrepresentation shall be expelled, and the Local Union that permits such action shall also be expelled.

"Sec. 188(a).  No officer, representative or member of the United Association or its Local Unions, or district councils, or State associations, shall resort to court proceedings of any description, in any manner pertaining to this organization or its Local Unions, or his membership, or his office, until all

---

* The "fact sheet" is attached to the bill and made a part thereof.

remedies provided for within the United Association's constitution have been fully exhausted. Violation of this section shall be sufficient cause for expulsion from membership in the United Association and its Local Unions;"

that they, the present plaintiffs, were thereafter "tried" by the defendant Local Union and were found "guilty as charged" with sentence of expulsion from the defendant Local Union and with condition that they, the present plaintiffs, might again become members of the defendant Local Union only on payment of "a reinitiation fee of $2,500 each," and that such reinitiation fee was thereafter reduced to the sum of $1,425 as to each of such plaintiffs. The bill goes on to allege that expulsion of such plaintiffs from the defendant Local Union was "arbitrary, illegal, contrary to public policy, and constituted a denial of plaintiffs' rights under the law and under the State and Federal Constitutions" for the following reasons:

"(a) No evidence of any kind was introduced before the local executive board in support of said charges as to the alleged violation of either of said sections of the union constitution, and no evidence has ever been offered at any subsequent time in support of said charges.

"(b) The action of the Local Union was an infringement of plaintiffs' right of free speech and right of access to the courts for the protection of their property, as guaranteed by the Constitutions of the United States and the State of Michigan."

The bill concludes with allegation that unless they, the present plaintiffs, "pay said illegal and unconstitutional assessment in the amount of $1,425 each they, and each of them, will be suspended from membership in the Union and will suffer irreparable injury by being denied the right to participate in the affairs and activities of the Local Union and the

United Association, particularly those relating to the determination of the terms and conditions of their contract of employment or its administration", and with due allegation that they, the said plaintiffs, have by administrative proceedings (detailed in the bill) fully exhausted all remedies available to them within structure of the constitution and bylaws of the defendant associations. The prayer of the bill is that the order of expulsion and order imposing fine be held null and void; that an injunction be issued "directing the defendants to cancel and expunge the decisions expelling the plaintiffs from their membership and levying the assessments;" that the defendants be restrained and enjoined from interfering with the rights of plaintiffs as members of the defendant associations, and that they, the said plaintiffs, be granted incidental and general relief.

The defendant Local Union moved to dismiss alleging generally that the bill did not state a case for equitable relief and, with support of a sworn answer:

"That the plaintiffs were accorded full and complete hearings; rights of appeal and trials *de novo;* and, with fair notice of the time and place of hearing; fair notice of the charges they were required to meet; and, accorded fair hearing."

The motion was denied. Defendants appeal by leave.

*First:* The motion to dismiss was properly denied. Under our practice the trial chancellor was obliged to accept as true the well-pleaded conclusions of fact as they appear in plaintiffs' bill. This Court in turn must do so. Whether evidence was or was not adduced during the course of the pleaded disciplinary proceedings and, if so adduced, whether such evidence lent legal support to the expulsion and reinitiation penalty as ordered, were questions the trial chancellor could not decide with accuracy

or propriety on motion to dismiss. There is no way, short of partial or entire testimonial trial of the pleaded issues or presentation of an appropriate motion for decree on the pleadings, by which equity may determine the right of that which is alleged in this motion to dismiss, and we point to the exceptional rules in pursuance of which equity's jurisdiction may pertinently be invoked.

A modern and thorough annotation appearing in 21 ALR2d 1397, presents the jurisdictional rules to which allusion is made.* The annotation is headed "Unfair or defective proceeding of labor union in expelling, suspending, or fining member as ground for judicial interference," and the annotator declares such rules in summary form commencing at page 1406 of the annotation. We quote them as follows:

"While union trials need not be conducted with the technical observance of forms of legal procedure, the courts will ascertain whether those rudimentary rights, ordinarily comprised in the concept of due process, which are essential to any fair trial, have been observed; whether, for example, a union's power to expel a member has been exercised in accordance with the requirements of the union laws, whether there was any undue irregularity of procedure, or any violation of the law of the land, or of 'natural justice,' and whether the union acted arbitrarily or in good faith, that is, without deceit, fraud, dishonesty, or onesidedness of intention or purpose; in particular, a court will inquire into whether pun-

---

* The annotated case (*Cason* v. *Glass Bottle Blowers Association,* 37 Cal2d 134 [231 P2d 6, 21 ALR2d 1387]) is both helpful and instructive. The court opened its analysis of questions considered in the annotation this way (p 143):

"In cases of this type we must strive both to protect the rights of individual members and to avoid impairing the right of the union to govern itself. The courts will interfere with the decision of an association expelling one of its members if the rules of the association governing expulsion have not been observed or if the accused member has not been afforded those rudimentary rights which will give him a reasonable opportunity to defend against the charges made. (Citing authorities.)"

ishment has been pronounced by a competent union tribunal for a cause within its jurisdiction; whether the accused member had fair notice and a hearing affording him an opportunity to defend, to examine and refute the evidence, and to confront and cross-examine any witnesses who appear against him; and whether a conviction has support in evidence."

*Havens* v. *Detroit Motion Picture Projectionists*, 338 Mich 418, has not been overlooked during our deliberations. There this Court, duly bisected, reached variant conclusions from detailed facts brought here following an extended trial. The opinions of Justices Adams and Butzel are of present worth in that they portray need for such trial prior to attempted determination of the question of judicial interference with disciplinary proceedings by and within labor unions.

*Second:* It is said, however, on strength of sworn allegations contained in the defendants' said answer, that plaintiffs were actually "given a fair trial in accordance with the constitution and bylaws;" that the mentioned "fact sheet," circulation of which is conceded by plaintiffs in their bill, is on its face one of falsehood and misrepresentation and that it falls within prohibitive purpose of said section 180 of the constitution of the United Association; that plaintiffs did not in fact exhaust available remedies afforded by defendants prior to resort to the mentioned initial court proceedings and that plaintiffs' allegation in their bill, to effect that no evidence was introduced (in support of the charges made against plaintiffs), "is a most peculiar one, when coupled with the frank admissions appearing elsewhere in the bill of complaint acknowledging circulation of the fact sheet and institution of the circuit court litigation."

We need but say that defendants' appeal for present recognition of their answer overlooks the fact

that theirs is a motion to dismiss, rather than a motion for decree on pleadings, and that the bill tested by the motion as filed has been found sufficient. The latter finding eliminates consideration of the defendants' said answer and—so far at least—renders inapplicable the procedural exception found in *Case* v. *City of Saginaw*, 291 Mich 130.

Gazing as we must on the continuous procession of good and bad motions to dismiss counsel do bring here, some of our membership are led to wonder why the altogether rusty tool provided by Court Rule No 32 (1945) — and also the statute* — is not brightened by judicious and more or less regular use in our courts of original jurisdiction. When for instance one party swears in his pleading that no proof was submitted or taken on or during course of a questioned administrative transaction, and the opponent party swears in his counterpleading that detailed and decisive proof was received and utilized on the same occasion, why not follow the lead of *Case* by ordering the swearing of pivotal witnesses or verifiers of pleadings? We suspect that the practice will root out, often enough to justify its recurrent employment, such facts as will either justify a decree or at very least stimulate an order for issue-curtailing amendment of a pleading or pleadings. All that is needed is a short measure of extra time—devoted by the judge or chancellor to the motion at hand;—time that is bound to become a saving of that valuable commodity regardless of motion-outcome. Perhaps this friendly word of suggestion may tend

---

* "Upon the hearing of any motion or petition where any question of fact is involved, the court hearing such motion or petition, may in its discretion, if it deems it necessary in order to reach a just conclusion as to such facts, require the production of all, or any of the witnesses having knowledge of the matters of fact involved on such motion or petition for examination before him in open court." (CL 1948, § 618.8 [Stat Ann § 27.988].)

to revive the partly-forgotten learning of our dis-
tinguished predecessors.*

Affirmed. Costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, ED-
WARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this
case.

---

\* For genesis of the mentioned rule and statute, see *Hamilton* v.
*Hamilton*, 37 Mich 603, 606, and notes appended under 1916 Circuit
Court Rule No 36 (Searl [2d ed], 1922).