BOARD OF EDUCATION OF PRESQUE ISLE TOWNSHIP SCHOOL DISTRICT NO. 8 *v.* PRESQUE ISLE COUNTY BOARD OF EDUCATION.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—OFFICERS.

    An annexed school district must retain its legal entity, and the officers of the district their official duties and responsibilities, for the purpose of winding up the affairs of the district, from and after an official and valid declaration of annexation (CLS 1956, §§ 340.431, 340.440).

2. SAME—ANNEXATION—DECLARATION OF RIGHTS—WINDING UP AFFAIRS.

    The board of education of an annexed school district after an order of annexation by the county school district following a period of nonoperation of a school for more than 2 years may, incident to winding up the affairs of the school district, file a bill for declaration of rights as to validity of the necessary transfers and conveyances of property (CLS 1956, §§ 340.431, 340.440).

3. SAME—LEGISLATURE—CONSTITUTIONAL LAW.

    The legislature has plenary power over the schools and school districts of the State, subject only to constitutional restraint.

4. DECLARATORY JUDGMENT—MOTION TO DISMISS.

    A motion to dismiss a bill for declaration of rights was properly presented, where the bill failed to present a justiciable issue for determination.

5. SCHOOLS AND SCHOOL DISTRICTS—COMPULSORY ANNEXATION—CONSTRUCTION OF STATUTES.

    Allegation that annexed school district had the continued obligation to provide for the education of its children and the right to administer the affairs of such district subject only to the

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur, Schools § 18 *et seq.*
[4] 16 Am Jur, Declaratory Judgments §§ 9–11.

loss of such financial benefits as may be appropriated by the State legislature *held,* not to have stated a cause of action in that it involved an erroneous interpretation of statute making compulsory the annexation of a school district to one or more operating districts where it has not operated a school for 2 or more years (CLS 1956, §§ 340.431, 340.440).

6. DECLARATORY JUDGMENT—AMENDMENT—CONSTRUCTION OF STAT-
UTES.

Plaintiff school district is accorded 30 days in which to file an amended bill, where original bill for declaration of rights failed to aver a cause of action in that statute was misinterpreted (CLS 1956, §§ 340.431, 340.440; CL 1948, § 650.18).

7. COSTS—SCHOOLS AND SCHOOL DISTRICTS—DECLARATION OF RIGHTS
—AMENDMENT OF BILL.

No costs are allowed in suit for declaration of rights by board of education of township school district against county board of education on appeal from order granting latter's motion to dismiss, where such order was based upon a twofold misinterpretation of statutes and additional time is granted for filing an amended bill (CLS 1956, §§ 340.431, 340.440; CL 1948, § 650.18).

Appeal from Presque Isle; Glennie (Philip J.) J. Submitted April 10, 1959. (Docket No. 35, Calendar No. 47,870.) Decided July 14, 1959.

Bill by Board of Education of Presque Isle Township School District No. 8 against Presque Isle County Board of Education, Alpena Board of Education, State Board of Education and Lynn M. Bartlett, Superintendant of Public Instruction, for declaration of rights and injunctive relief. Bill dismissed. Plaintiff appeals. Affirmed, with right granted to file amended bill.

*Habermehl & Mandenberg* (*Donald M. Habermehl,* of counsel), for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Eugene Krasicky* and *Joseph*

*G. O'Reilly,* Assistants Attorney General, for defendants.

BLACK, J. This case, originally assigned to a Brother Justice, was reassigned to the writer during the present June term.

Plaintiff is the board of education of Presque Isle Township School District No. 8.* The school district lies entirely within the township of Presque Isle, in Presque Isle county. No school is or has been operated in the district for some little time. Counsel explain that the "plaintiff board has been endeavoring to build its own school, and had since December, 1955, sought the advice of various school authorities and architects on a building program." Having no school of its own the district transports its pupils to the adjoining Thunder Bay school district and to the Alpena school district.

The school code provides, in section 440 thereof (CLS 1956, § 340.440 [Stat Ann 1957 Cum Supp § 15.3440]), as follows:

"On or after July 1, 1956, any school district which shall not have operated a school within the district for a period of the 2 immediately prior years thereto or for any 2-year period thereafter shall be subject to the provisions of sections 440, 441, 442 and 443 of this chapter.

"On the first day of June 1956, and each June first thereafter, the county superintendent of schools in each county of the State shall compile a list of school districts in such county which have not operated school within the district during the preceding 2 or more years, and within 10 days he shall notify in writing the board of education of each such district that it must comply with the provisions of

---

* The briefs of both parties apply interchangeably the term plaintiff to both the board and the school district. We shall restrict the term "plaintiff" to the technical plaintiff, which is the board; the school district to be described as such.

sections 440, 441, 442 and 443 of this chapter.* Each such district shall within a period of 1 year following this official notification, (1) attach itself as provided by this act either totally or in part to 1 or more operating districts, or (2) reopen and operate its own school."

Pursuant to such provisions, and on June 8, 1956, the county superintendent of schools notified plaintiff that the school district must, within 1 year, reopen and operate its own school or attach itself to 1 or more operating districts. Plaintiff, and the district, refused to comply with either alternative. Thereafter the county board of education, under date of July 18, 1957, officially declared that the school district "was annexed to the city of Alpena school district, said annexation to become effective August 1, 1957." Plaintiff then appealed (as was its right) to the State board of education, which board confirmed the statutory declaration of the county board. Plaintiff subsequently filed this bill for declaration of rights and injunctive relief against the county board of education, the State board of education, and other named defendants. The State board moved to dismiss. Such motion was granted and a decree of dismissal was entered. From such decree plaintiff appeals.

The position of defendants is, in essence, that the school district has been nonexistent since the effective date of the annexation as determined by the State board. Upon this premise it is asserted that plaintiff cannot bring action in the courts, for declaration of rights or otherwise. The legislature, say defendants, "is enabled to dissolve its own creature," has done so, and therefore there can be no controversy and no appeal because "the final voice

---

* CLS 1956, §§ 340.440–340.443 (Stat Ann 1957 Cum Supp §§ 15.3440–15.3443). Note that provision in section 441 relative to appeal has been amended by PA 1958, No 195.—Reporter.

of authority, the state legislature, has spoken, has ordered their [the school district's] dissolution, and * * * has proceeded with finality." We do not agree.

Under defendants' theory, combined with the doctrine of exhaustion of administrative remedies, judicial review would be unavailable as well as unavailing following an order of annexation made on actual or claimed authority of the mentioned statutory provisions. Prior to final action of the State board there could be no exhaustion of the administrative remedies set forth in the act. Subsequent to action of the State board the district has lost its legal capacity to sue. Thus, following defendants to their asserted conclusion, it appears that the door to judicial review has been closed and bolted, from the very first, with the mortal remains of this school district left outside.

The statute makes no attempt to so neatly abrogate judicial review. If it did, a new question might present itself. The school code provides (section 431), with respect to annexation procedures:

"Any school district shall become annexed to another school district whenever the board of the annexing district shall have by resolution so determined and a majority of the qualified school electors of the district becoming annexed, voting on the question at an annual or special election shall have approved such annexation. The vote on the question shall be by printed or duplicated ballot: Provided, That before such election shall be held, the board of the annexing district shall obtain the approval of the superintendent of public instruction of the proposed annexation: Provided further, That the election in the district to be annexed must be held within 90 days after the passage of the resolution by the board of the annexing district.

"It shall be the duty of the secretary of the board of the district in which the election was held to file within 10 days after such election in said district a certified statement of the vote for annexation with the secretary of the board of the annexing district. Within 15 days after such election approving the annexation, the members of the board of the annexed district shall account to the board of the annexing district for the funds and property in their hands as such officers, and shall turn over the same to the board of the annexing district. All property and moneys belonging to the annexed district shall become the property of the annexing district and, except as hereinafter provided, all outstanding indebtedness of the annexed school district shall become the liability of the annexing district. Upon receipt of such funds and property by the board of the annexing school district, the officers of the annexed district shall be released from liability therefor and their offices terminated. The effective date of annexation shall be the date of the annexation election: Provided, That if an election is required in the annexing district under section 437 of this act, the effective date of the annexation shall be the date of the election in the annexing district." (CLS 1956, § 340.431, as amended by PA 1957, No 9 [Stat Ann 1957 Cum Supp § 15.3431].)

We find and hold from these and correlative provisions of the code that an annexed school district must retain its legal entity, and the officers of the district their official duties and responsibilities, for the purpose of winding up the affairs of the district, from and after an official and valid declaration of annexation. There must, for instance, be conveyances and transfers of properties and funds of the district. So much the attorney general concedes by opinion No 3114 of December 6, 1957 (1 OAG 1957, p 537), and it is at this exact point that plaintiff's legal position becomes clear. Asserting that there

is genuine doubt and controversy as to the right of the ordered transferee to receive such funds and properties, and as to the duty of the ordered transferor, plaintiff seeks a judicial determination of validity of such necessary transfers and conveyances. The matters with respect to which plaintiff seeks such determination are essential to the consummation of the annexation as ordered and may reasonably be regarded as a part of the requisite winding up of the affairs of the district. In these circumstances there is no legal incapacity on the part of plaintiff to seek judicial aid or review provided, of course, its pleadings fairly present a justiciable controversy in some meritorious respect.

This is not to suggest that there is some legal infirmity in the statutory proceedings exhibited by this bill. We have repeatedly held that the legislature has plenary power over the schools and school districts of the State, subject only to constitutional restraint (See *Child Welfare Society of Flint* v. *Kennedy School District*, 220 Mich 290). In this instance the legislature has provided that the county board (subject to the specified administrative powers of the State board) may take certain prescribed action in respect of school districts which have failed to operate schools for a given period of time. After proper warning and notice they are to be annexed or attached to another operating district. The statute does not, as plaintiff asserts, contemplate the continued indefinite existence of the closed school district. To the contrary, the statute in its present application directs final dissolution of the district so annexed, subject only to necessary winding up processes.

The chancellor dismissed plaintiff's bill on ground that the school district had lost its corporate entity and so had no legal authority to bring this action.

This, as we have seen, was error. The dismissal, however, was proper for another reason. No issue of fact was presented by the bill, and its declaratory ground is pure legal quicksand, that is, the bill stands or falls on plaintiff's impotent allegation that the annexed school district had "the continued obligation to provide for the education of its children, and has the right to administer the affairs of Presque Isle Township School District No. 8, subject only to the loss of such financial benefits as may be appropriated by the Michigan legislature." Such is not a proper interpretation of the statute and, no constitutional or other ground of judicial consideration having been pleaded, we find that no cause, and no subject of declaratory consideration, is presented by this bill. It follows that the motion to dismiss was properly granted.

The chancellor's decree of dismissal will be affirmed, subject to right of the plaintiff, and of the township school district in case it should ask and obtain leave to enter as a party plaintiff, to file within 30 days an amended bill. For proper practice in such respect, see CL 1948, § 650.18 (Stat Ann 1943 Rev § 27.2608); *Lamb* v. *Jeffrey,* 41 Mich 719; *Melvin* v. *Reading,* 346 Mich 348. No costs.

Dethmers, C. J., and Carr, Kelly, Edwards, and Voelker, JJ., concurred.

Smith and Kavanagh, JJ., did not sit.