JACKSON BROADCASTING & TELEVISION CORPORATION
*v.* STATE BOARD OF AGRICULTURE.

1. INJUNCTION—PLEADING—PUBLIC FUNDS—TELEVISION STATION—SELF-LIQUIDATING PROJECT.

Bill to enjoin construction and operation of television station by defendant State board on ground that such project was self-liquidating and, as such, not legal without prior approval of the legislature *held,* a legal conclusion which, without supporting averments, was insufficient to base relief especially in the absence of averment that moneys appropriated by the legislature were to be used on the project (PA 1958, No 224, § 11).

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Injunctions § 265.
[2] 11 Am Jur, Constitutional Law § 97.
[3] 49 Am Jur, States, Territories and Dependencies § 62.
[4] 41 Am Jur, Pleading § 313.
[5] 41 Am Jur, Pleading § 330.
[6] 41 Am Jur, Pleading §§ 335, 336.
[7] 20 Am Jur, Evidence § 108.
[8] 14 Am Jur, Costs § 22.

2. STATUTES—CONSTRUCTION—LEGISLATURE—PUBLIC FUNDS—MICH-
IGAN STATE UNIVERSITY—SELF-LIQUIDATING PROJECT.

A construction of provision of appropriation act prohibiting the
letting of a contract for construction of a self-liquidating
project at State-supported institutions of higher education
without prior approval of the legislature as applicable to
State board in control of Michigan State University without
regard to the source of the funds to be used or involved would
exceed legislative authority in view of provision of the Con-
stitution vesting direction and control of all such university
funds in the board (Const 1908, art 11, § 8, as amended in
1959; PA 1958, No 224, § 11).

,3. COLLEGES AND UNIVERSITIES—CONTRACTS—TELEVISION STATION—
CREDIT OF THE STATE.

Agreement between State board in control of Michigan State
University and television corporation whereby latter was per-
mitted to use television studio and facilities on a time-sharing
and rental basis and specifically not advancing credit to the cor-
poration *held*, not contract constituting a grant of credit of
the State in violation of the Constitution (Const 1908, art
10, § 12).

4. PLEADING—AMENDMENT.

An amended pleading which is complete in itself ordinarily
supersedes the prior pleading.

5. APPEAL AND ERROR—MOTION TO DISMISS FILED AFTER ANSWER.

The Supreme Court may treat a motion to dismiss a bill of
complaint, filed after answer, as a *common-law motion for*
judgment on the pleadings.

6. JUDGMENT—MOTION FOR JUDGMENT ON PLEADINGS.

A common-law motion for judgment on the pleadings, regardless
of the way in which it has been denominated, may be used
for concluding litigation relative to an important public
project, where disposition may be properly done solely by
the determination of questions of law.

7. EVIDENCE—JUDICIAL NOTICE—TELEVISION STATION—MOOT QUES-
TION.

The Supreme Court may take judicial notice of the entering
into and performance of contract for erection of television
station and facilities by defendant board in control of
Michigan State University and its lessee, leaving the matter
of injunction and expenditure of money for the project moot.

8. COSTS—PUBLIC QUESTION—INJUNCTION—TELEVISION STATION.
No costs are allowed in suit against defendant board in control of Michigan State University to enjoin expenditure of funds under contract relative to a television station, a public question being involved (PA 1958, No 224).

BLACK and KAVANAGH, JJ., dissenting.

Appeal from Jackson; Simpson (John), J. Submitted January 5, 1960. (Docket No. 1, Calendar No. 48,111.) Decided July 11, 1960.

Bill by the Jackson Broadcasting & Television Corporation, a Michigan corporation, against the State Board of Agriculture to enjoin the latter from contracting for erection of television station and from disbursing public funds therefor. Bill dismissed on motion, with dismissal based in part on material contained in affidavit and in part on material contained in amended answers filed subsequent to hearing on motion. Plaintiff appeals. Affirmed.

*McKone, Badgley, Domke & Kline* and *Dudley & Rogers,* for plaintiff.

*Sigler, Anderson & Carr,* for defendant.

KAVANAGH, J. (*dissenting*). The Jackson Broadcasting & Television Corporation filed a bill of complaint in the circuit court for the county of Jackson on October 24, 1958, against the State board of agriculture, seeking an injunction enjoining and restraining the defendant from issuing a letter of intent to execute a contract or from making a contract for the erection of a television broadcasting station and from disbursing any public funds for that purpose.

Plaintiff alleged defendant had made application to the Federal communications commission and had been granted, with Television Corporation of Michigan, Inc., a share-time operation of a television station. Plaintiff further averred that on August 30, 1954, defendant entered into an agreement with Television Corporation of Michigan, Inc., wherein it was understood and agreed that the defendant, the State board of agriculture, would acquire the land upon which the broadcasting station would be located; and the board would construct thereon, at its own expense, and at an estimated cost of approximately $400,000, a fully equipped television broadcasting station.

Plaintiff further alleged the defendant had an agreement with Television Corporation of Michigan, Inc., wherein it was agreed such corporation would amortize and liquidate over a period of 15 years its proportionate share of the total cost of the land and television broadcasting station situated thereon; that the proportionate share Television Corporation of Michigan, Inc., was to pay was to be computed on the basis of the proportionate use made of the station by the contracting parties; and after arriving at the percentage of time which each of the contracting parties would use the station, the total cost of acquisition of the land and building of the station would be proportioned upon that basis. It was further understood that Television Corporation of Michigan, Inc., would pay defendant 4% per annum interest upon the unpaid balance and would pay to the defendant an additional sum of 20% of the profits realized by Television Corporation of Michigan, Inc., before Federal income taxes. The bill further alleged that Television Corporation of Michigan, Inc., was a privately-owned, profit-making corporation which would engage in ordinary com-

mercial television broadcasting, sharing the facilities of the said station with the defendant.

Plaintiff further showed that PA 1958, No 224, which is the appropriation act of 1958 for the State board of agriculture and other educational institutions of the State of Michigan, contained the following language on the use of funds therein appropriated:

"Sec. 11. In view of the fact that State appropriations have been used for certain expenses in connection with self-liquidating projects, no contract shall be let for construction as to any self-liquidation project at any of the State supported institutions of higher education without prior approval therefor by the legislature."

Plaintiff alleged that the construction and operation of a television station by defendant as proposed in its application to the Federal communications commission is a self-liquidating project within the meaning of section 11 of the above-mentioned statute. Plaintiff further alleged that the defendant had not requested the approval required by section 11, and the legislature of the State of Michigan had not granted approval for the construction of such television station or for the letting of contracts for the construction thereof.

Plaintiff also averred that the agreement referred to constituted an attempt on the part of defendant to extend the credit of the State of Michigan to aid and assist Television Corporation of Michigan, Inc., and that the attempt to so use public funds and credit rendered its contract void under the Michigan Constitution (1908), art 10, § 12, providing as follows:

"The credit of the State shall not be granted to, nor in aid of any person, association or corporation, public or private."

Plaintiff further alleged that the advancement of public funds for the purpose of acquiring land and constructing such a television station pursuant to the contract was an illegal expenditure of public funds, particularly with respect to section 11 of the 1958 appropriation act.

Plaintiff further showed that it was a property owner within the State of Michigan and, as such, pays large and substantial amounts of taxes and also pays taxes other than on real estate.

An answer to the bill of complaint was filed on October 27, 1958. The answer admitted paragraphs 1, 2 and 3 of the bill of complaint, setting up the parties, how these parties came into existence and the obligation of the State board of agriculture to carry on the general supervision of Michigan State University and the direction and control of all university funds. It admitted the application by the State board to the Federal communications commission and the granting of the application to jointly operate the television station. It admitted entering into a written agreement with Television Corporation of Michigan, Inc., to which reference was made for greater certainty, agreeing to produce the instrument in court if deemed necessary. It admitted that Television Corporation of Michigan, Inc., was privately owned and that it contemplated engaging in ordinary television broadcasting for a profit and that certain of the facilities of the station would be apportioned to it on a time-sharing basis. It admitted that section 11 of the 1958 appropriation act reads as set forth by plaintiff in the bill of complaint. It denied, however, that the provisions of section 11 had any application to the construction of the proposed television station, defendant contending that said construction is not a self-liquidating project within the meaning of the statute and that all funds for the construction costs were then in the possession

and control of defendant and no credit or additional taxes would be necessary. Defendant also alleged in its answer that it is not required to obtain approval of the legislature for the construction of a television station or for the letting of the contract for the necessary work in connection therewith.

Defendant further said that the title of PA 1958, No 224, is as follows:

"An act to make appropriations for various State institutions, departments, commissions, boards, and certain other purposes relating to education for the fiscal year ending June 30, 1959; to provide for the expenditure of such appropriations; and to provide for the disposition of fees and other income received by various State agencies."

Defendant said that the title of the act was not sufficiently broad in scope to permit the inclusion in the act of provisions restricting the State agencies referred to in section 11 from any and all construction work deemed necessary in the performance of proper educational functions to obtain consent of the legislature thereto without reference to the source from which such funds may be derived.

Defendant called attention to the Michigan Constitution (1908), art 11, § 8, defining the powers and duties of this defendant,* which section vests in defendant the direction and control of all agricultural college funds.

Defendant further said that if PA 1958, No 224, § 11, is construed as a limitation on appropriations, it is wholly without application to the construction of this station for the reason that no funds from such appropriation would be used.

---

* For change of name and enumeration of specific duties see amendment to art 11, §§ 7 and 8, adopted at election April 6, 1959, PA 1959, p 485.—REPORTER.

Defendant also answered the bill of complaint by denying that Michigan Constitution (1908), art 10, § 12, applies to the construction of the proposed broadcasting station or the agreement between this defendant and Television Corporation of Michigan, Inc., and stated that neither the credit of the State nor of the defendant is granted to or in aid of such corporation.

Defendant further answered the bill of complaint by saying that whether plaintiff is a taxpayer or the owner of property within the State of Michigan is not material in the instant case, for the raising of money by taxation would not be required, nor would such money be used in the construction of the television station which plaintiff seeks to prevent.

Defendant denied that plaintiff would suffer any injury whatsoever. It alleged that construction of the station is for the purpose of enlarging the educational facilities of Michigan State University and is a proper part of the educational program thereof. It further alleged that PA 1958, No 224, § 11, should not be regarded as an attempt to interfere with such right, and that if so construed the action of the legislature would be in derogation of the Constitution and for that reason invalid.

Defendant further alleged that plaintiff's bill of complaint is wholly without equity; that it failed to state a cause of action for the relief sought by it; and that plaintiff is not entitled to injunctive relief. It prayed that the injunctive relief asked by plaintiff be denied and the bill of complaint be dismissed.

On the same date, October 27, 1958, defendant filed a motion to set aside the injunction and noticed it for hearing on October 31, 1958. The motion to dismiss contained in the prayer of the bill of complaint was apparently considered at the same time. The reasons given in the motion were that the bill

of complaint was wholly without equity and failed
to state an equitable action because under the Con-
stitution of this State defendant was authorized
and empowered to construct a broadcasting station
for educational purposes and was entitled to expend
for such purpose funds under its control and avail-
able therefor; and that plaintiff did not show that
as a taxpayer it would be in any way prejudiced
or injured by the construction of such television
station. It is to be noted that none of the reasons
given brings this motion under any of the sub-
sections of Court Rule No 18, § 1 (1945).

Attached to the motion was an affidavit of Philip
J. May, treasurer of the State board of agriculture
and vice-president in charge of business affairs for
Michigan State University. It stated that he made
the affidavit in support of a motion to dismiss the
bill of complaint and to dissolve the injunction. He
also said he was familiar with the finances of the
university, with the details of construction of the
broadcasting station and with the contract between
defendant and Television Corporation of Michigan,
Inc. He further stated that construction of said
station would not involve the raising of money by
taxation; that defendant had available, and set aside,
funds in excess of the aggregate amount of $430,000
to be used for such construction; that it would not
be necessary for defendant to obtain funds by bor-
rowing from outside sources; and that the broad-
casting station was not a self-liquidating project.
It is to be noted the last statement clearly is a
conclusion of law.

On November 3, 1958, oral arguments with refer-
ence to the motions to dismiss the injunction and
the bill of complaint were made before the court.
On November 5, 1958, an amended answer to the
bill of complaint was filed. This in substance, and
almost verbatim, followed the previous answer,

except that it had attached to it and made a part thereof as exhibit A, the agreement between the defendant and Television Corporation of Michigan, Inc. This answer denied allegations in paragraph 5 of plaintiff's bill of complaint previously admitted in the original answer.

On November 7, 1958, plaintiff made a motion to reopen the hearing and to permit reargument of such motions for the reason that defendant originally filed a sworn and verified answer which included basic and vital elements in connection with the motion to dissolve the temporary injunction and the motion to dismiss the bill of complaint; that on November 5, 1958, defendant filed an unsworn and unverified amended answer differing in substantial respects from the original sworn and verified answer by including material and exhibits not a part of the pleadings at the time the motion was argued, and in the interests of due process the matter should be reopened, reargued, and resubmitted to the court. This motion was noticed for Monday, November 17, 1958. On November 7, 1958, an amended answer identical to the one filed on November 5th was filed except that it was a sworn and verified answer.

On November 10, 1958, the court filed an opinion granting dismissal of the injunction and bill of complaint.

Following the filing of this opinion on November 10, 1958, defendant noticed for hearing on Monday, the 17th of November, at the same time as the plaintiff's motion for reargument, the settlement of a proposed order setting aside the temporary injunction and dismissing the bill of complaint.

Objections were filed by plaintiff to the entry of the order dissolving the temporary injunction and dismissing the bill of complaint for several reasons:

(1) That the order was made pursuant to a decision of the court which indicated that the court

improperly took into consideration the answer and the affidavit and other facts not properly before the court on a motion to dismiss.

(2) That the court in making its decision on the motion to dismiss failed to take into consideration the allegations properly pleaded in plaintiff's bill of complaint and treat the same as true for purposes of consideration of the motion to dismiss.

(3) That the court in making its decision in dissolving the injunction and granting the motion to dismiss in effect treated the case as though it were one that had been submitted to the court on its merits.

(4) That the court, both in considering the motion to dissolve the temporary injunction and to dismiss the bill of complaint, took into consideration the sworn answer filed by the defendant, the amended unverified answer and the amended verified answer, both amended answers having affixed and attached thereto a certain contract which was not before the court when the matter was submitted to the court.

(5) That plaintiff, immediately upon the filing of the amended answer, filed a motion with the court and noticed the same for hearing, asking to be heard upon the issues before the court as raised by the amended answer, and that the said court, without affording plaintiff an opportunity to be heard, decided the said matter.

(6) That the plaintiff, consequently, has been denied its opportunity to be heard and has been denied due process of law.

On November 20, 1958, the court filed a written opinion stating that it had considered the objections and that there was nothing new in the amended answer that had not been argued when the matter was up for argument, admitted the facts with respect to the original answer and the amended answer, stating he was of the opinion the matters had been

thoroughly considered, and that the court was sign-ing the order as presented dismissing the injunction and the bill of complaint.

Plaintiff appeals to this Court and presents 5 questions in which it alleges the errors of the lower court. Since a disposition of this case will involve only the second and third of these alleged errors, we do not believe it is necessary to state the others. The controlling question is: Does plaintiff's bill of complaint state a cause of action for injunctive relief against the State board of agriculture, and did the court in its opinion granting the motion to dismiss improperly resolve questions of fact in defendant's favor and base his findings upon an affidavit attached to the motion to dismiss and amended answers filed subsequent to oral hearing? Did the court err in denying plaintiff due process of law in refusing plaintiff a rehearing after defend-ant filed amended, unverified, and verified answers alleging new facts and defenses contrary to the original answer filed and before the court at the time of oral argument?

We have again presented to this Court the ques-tion of procedure on a motion to dismiss, where a bill of complaint within its 4 corners makes suffi-cient allegations to establish an equitable case suf-ficient to justify the issuance of an injunction. The further question is presented: May a trial court, hearing a defendant's motion to dismiss, use an af-fidavit attached to a motion to dismiss to determine the truth of allegations in the bill of complaint, ex-cept in cases under Court Rule No 18, §§ 1 and 2 (1945)? The last question is: May a court grant a motion to dismiss when an answer is filed admitting material allegations of plaintiff in its bill which of themselves would be sufficient to justify a trial of the cause?

Paragraph 3 of the original answer to the bill of complaint, the only answer on file at the time of the hearing, stated as follows:

"By way of answer to paragraph 5 of the bill of complaint, defendant says that in August, 1954, it entered into a written agreement with Television Corporation of Michigan, Inc., for the acquisition of land and construction of a television broadcasting station *at the joint expense of the parties.* Defendant further says that the agreement contemplates *that it will advance the initial cost of necessary land and construction;* that Television Corporation of Michigan, Inc., bound itself *to pay its proportionate share of such cost,* to be ascertained on the basis provided in the written contract, and that the agreement provides the manner of such payments." (Emphasis added.)

It is to be noted by the answer defendant admits an agreement for the acquisition of land and construction of a television broadcasting station at the joint expense of the parties. Defendant further admits that Television Corporation of Michigan, Inc., bound itself to pay its proportionate share of such cost. This, in substance, is an admission that the credit of the defendant was to be granted in aid of a private corporation contrary to the Michigan Constitution (1908), art 10, § 12. If this were true, unquestionably it would entitle plaintiff to injunctive relief.

The only other matter before the court at the time of the original hearing on the motion to dismiss was the affidavit of Philip J. May, treasurer of the State board of agriculture, attached to the motion to dismiss, which clearly contains a conclusion of affiant, rather than facts which the court could consider.

This Court has numerous times said that on a motion to dismiss a bill of complaint, all properly

alleged facts in the bill of complaint are accepted as true. *Grevnin* v. *Collateral Liquidation, Inc.,* 302 Mich 274; *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich 296; *Wedin* v. *Atherholt,* 298 Mich 142. Well-pleaded facts in defendant's answer which are not controverted must also be taken as admitted, and considered when deciding a motion to dismiss.

At the time of the argument on the motion to dismiss in the trial court, the only answer of defendant on file admitted allegations in plaintiff's bill of complaint which would be sufficient, if true, to require the injunction of the court. No testimony was taken by the trial judge to determine the truth or falsity of these allegations, as he would have been authorized to do under both the statutes and the court rule, and as the trial judge did in *Case* v. *City of Saginaw,* 291 Mich 130.

The proper procedure in these matters was pointed out by Mr. Justice Black in *Mathews* v. *United Association,* 351 Mich 293, at pages 298, 299, when he said:

"The motion to dismiss was properly denied. Under our practice the trial chancellor was obliged to accept as true the well-pleaded conclusions of fact as they appear in plaintiff's bill. This Court in turn must do so. Whether evidence was or was not adduced during the course of the pleaded disciplinary proceedings and, if so adduced, whether such evidence lent legal support to the expulsion and reinitiation penalty as ordered, were questions the trial chancellor could not decide with accuracy or propriety on motion to dismiss. There is no way, short of partial or entire testimonial trial of the pleaded issues or presentation of an appropriate motion for decree on the pleadings, by which equity may determine the right of that which is alleged in this motion to dismiss, and we point to the exceptional rules in pursuance of which equity's jurisdiction may pertinently be invoked."

On page 300 of the same case, Justice BLACK continued:

"It is said, however, on strength of sworn allegations contained in the defendants' said answer, that plaintiffs were actually 'given a fair trial in accordance with the Constitution and bylaws.' "

The Court later in the case went on to say (pp 300, 301):

"We need but say that defendants' appeal for present recognition of their answer overlooks the fact that theirs is a motion to dismiss, rather than a motion for decree on pleadings, and that the bill tested by the motion as filed has been found sufficient.   The latter finding eliminates consideration of the defendants' said answer and—so far at least— renders inapplicable the procedural exception found in *Case* v. *City of Saginaw,* 291 Mich 130."

Unlike the instant case, in *Case* v. *City of Saginaw,* denial of the allegations in the bill of complaint were made and testimony taken to determine the truth or falsity of the allegations.  It is to be noted that in *Case* v. *City of Saginaw* the allegations in the bill of complaint with reference to the question of whether the street involved was a State highway were based upon information and belief.  In the bill of complaint here under consideration, matters were alleged as facts and admitted in the original answer of the defendant.

We might wonder why trial judges do not make greater use of Court Rule No 32 (1945) and the statute, CL 1948, § 618.8 (Stat Ann § 27.988), to determine by testimony, in some instances in a short period of time, sufficient facts to determine whether the bill of complaint should stand or be dismissed.  While our trial courts are constantly being urged to speed the disposition of litigation,

they cannot and should not take short cuts which deprive litigants of their day in court.

In the instant case it is apparent from reading the opinion of the trial judge that he considered allegations filed with him subsequent to the hearing on the motion to dismiss, and that he failed to give consideration to the motion of plaintiff for the opportunity to reargue and restate his motion after defendant finally got a proper answer in the case, in part by help of the trial judge himself.

It is regrettable that this matter should be returned at such a late date for a proper disposition of these motions. In the interests of justice and proper procedure in our courts, we must hold that under the circumstances plaintiff was deprived of due process. It is possible that plaintiff might be able to prove the case it alleges in its bill of complaint, and it should not be arbitrarily deprived of the opportunity to answer pleadings which are filed after the motions have been heard. In the event the court treated these motions as common-law motions for judgment on the pleadings, as was done in *Albert* v. *Gogebic County Hospital,* 341 Mich 344, the order of dismissal might be sustained. However, since no such motion was made by defendant, and it is evident from the opinions of the trial court that he did not treat it as such, then under the circumstances this Court certainly cannot do so.

The order granting the motion to dismiss should be reversed and the matter remanded for a proper hearing in the court below, with costs to plaintiff.

BLACK, J., concurred with KAVANAGH, J.,

DETHMERS, C. J. The facts are set forth in Mr. Justice KAVANAGH's opinion. Plaintiff's bill seeks injunctive relief to prevent defendant from entering into a construction contract or expending any

public funds for the erection of a television broad-casting station. It bases its claimed right to such relief on the grounds that defendant, in so doing, would be proceeding under and in furtherance of its written agreement with Television Corporation of Michigan, Inc., and that this would be unlawful in the following 2 respects: (1) that the construction and operation of the television station under that agreement would be a self-liquidating project within the meaning of PA 1958, No 224, § 11, under which such construction contract is prohibited because approval thereof by the legislature was not first obtained, and (2) the agreement with Television Corporation of Michigan, Inc., constitutes an attempt on the part of defendant to grant the credit of the State to or in aid of that corporation in violation of Michigan Constitution of 1908, art 10, § 12.

The trial court, finding plaintiff's said 2 claims of illegality, as in its bill alleged, not well founded as a matter of law, dismissed the bill. We think he was correct and that the order dismissing, from which plaintiff appeals, should be affirmed. Our reasons follow:

(1) No facts are alleged in the bill from which a conclusion may be drawn or a finding may be made that the project in question is self-liquidating, as in the statute mentioned. That appellation appears in the bill as plaintiff's legal conclusion, without supporting averments. If its conclusion were to be accepted as correct, there are no allegations in the bill that moneys appropriated by Act No 224 on the supposed condition contained in its section 11 are to be expended on this project, warranting enjoining thereof. If section 11 of that act were to be construed as a general prohibition against the board of trustees of Michigan State University, without regard to the source of the funds to be used or in-

volved, it would exceed legislative authority. Michigan Constitution of 1908, art 11, § 8.* *State Board of Agriculture* v. *Auditor General,* 180 Mich 349; *State Board of Agriculture* v. *Auditor General,* 226 Mich 417; *Weinberg* v. *Regents of University,* 97 Mich 246.

(2) Defendant's first sworn answer contained language tending to admit plaintiff's second charge of illegality of the agreement. Thereafter defendant filed an amended sworn answer, to which it attached as an exhibit a copy of the agreement referred to and relied on in plaintiff's bill of complaint. It shows by its express terms that defendant was not, thereunder, to advance credit to the other contracting party but only to permit it use of the television studio and facilities on a time-sharing and rental basis. Plaintiff made and makes no denial of the correctness of the copy of the agreement attached to defendant's amended sworn answer. By the agreement's express terms plaintiff's second claim of invalidity collapses.

Is defendant bound by its apparent admission in its first answer or may it stand on its amended sworn answer? That the latter is the rule is apparent from *Carroll* v. *Palmer Manfg. Co.,* 181 Mich 280, 285; *City of Lebanon* v. *DeBard,* 110 Ind App 79, 82 (37 NE2d 718); *Staley* v. *Espenlaub,* 128 Kan 1, 2 (275 P 1095); *Dahl* v. *Winter-Truesdell-Diercks Co.,* 62 ND 351 (243 NW 812); 71 CJS, Pleading, § 321, p 716.

In the above view of the case plaintiff's bill stated no cause of action as a matter of law and was properly dismissed. Mr. Justice KAVANAGH writes that dismissal by the court below might be sustained had the court treated the motion to dismiss here as a common-law motion for judgment on the pleadings,

---

* For change of name of governing body by amendment adopted April 6, 1959, see PA 1959, p 485.—REPORTER.

as was done in *Albert* v. *Gogebic County Hospital Board of Trustees,* 341 Mich 344, but observes that no such motion was here made. The motion may, nonetheless, be so treated. It is to be noted that in that chancery action decree was entered for plaintiff, granting the injunctive relief prayed, on such motion for judgment on the pleadings. Here the lower court's action, on the contrary, was to dismiss plaintiff's bill and deny it injunctive relief, upon motion to that effect grounded on the bill's failure to state a cause of action. In each case the disposition properly could be and apparently was made, in the manner done by the trial court, solely upon the determination of questions of law, without need for determining questions of fact. It seems to me of small moment how the implementing motion in each case was denominated. An important public project is here involved. It being obvious that plaintiff has no legal cause of action, we should not permit technicalities to stand in the way of our saying so and disposing of the case accordingly, without need for further fruitless proceedings. This is the more so in view of the well-known fact, not in the record but of which we may take judicial notice, that for over a year the entering into and performance of the contract for the erection of the television station and facilities have been a *fait accompli* with the station and facilities fully constructed and in operation by defendant and its lessee, Television Corporation of Michigan, Inc., leaving the question of enjoining the entering into the contract by defendant and its expending money for the project moot.

Affirmed. No costs.

KELLY, SMITH, EDWARDS, and SOURIS, JJ., concurred with DETHMERS, C. J.

CARR, J., did not sit.