KNOX *v.* LOCAL 900, UNITED AUTOMOBILE, AIRCRAFT, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW-CIO).

1. LABOR RELATIONS—EXHAUSTION OF UNION REMEDIES.
   A union member who is aggrieved by acts of the union must exhaust his remedies within the framework of the union before coming into court.

2. SAME—COURTS—EXHAUSTION OF UNION REMEDIES.
   Bill by union member to compel his reinstatement within the defendant union, which failed to allege exhaustion of intra-union remedies available to him, was properly dismissed, since redress in the courts is not available until there has been exhaustion of such remedies or futility of an attempt to do so is shown.

3. INJUNCTION—UNIONS—POLITICAL ACTIVITIES—EXHAUSTION OF UNION REMEDIES.
   Portion of plaintiff's bill to enjoin use of union funds for political purposes failed to state a cause of action, since the right to re-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur, Labor § 68.
   Exhaustion of remedies within labor union as condition of resort to civil courts by expelled or suspended member. 168 ALR 1462.
[3] 31 Am Jur, Labor § 72.

· lief was dependent on his union membership or right thereto and such right had not been alleged in that there was no allegation of exhaustion of available intraunion remedies or futility of an attempt to do so before seeking redress in courts.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted April 12, 1960. (Docket No. 45, Calendar No. 48,440.) Decided September 16, 1960.

· Bill by Ralph Knox against Local 900, United Automobile, Aircraft, Agricultural Implement Workers of America (UAW-CIO) and certain officers thereof to compel his reinstatement in union, to enjoin interference with his rights as a union member, and to enjoin contributions for political purposes. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Davidow & Davidow (Larry S. Davidow, of counsel), for plaintiff.*

*Harold A. Cranefield, Redmond H. Roche, Jr., Gordon A. Gregory, and John A. Fillion, for defendants.*

BLACK, J. (*concurring*). Plaintiff's bill was dismissed on motion of defendants. He appeals.

A fair summary of the allegations and purpose of the bill, together with the chancellor's primary reason for dismissal thereof, appears in the following connected portion of his opinion:

"Plaintiff filed a bill in equity divided into 2 divisions, or counts. In the first count he seeks: (1) to be restored to membership in good standing in the defendant union; and (2) a mandatory injunction restraining defendants from interfering with his membership in good standing. In count 2 he seeks to enjoin defendants from expending any union moneys for political purposes.

"Defendants have moved to dismiss on several grounds, which are adverted to below.

"With respect to count 1 of the bill, plaintiff does not allege facts in his bill indicating he has exhausted· his intraunion remedies. The exhausting of these remedies is a condition precedent to a lawsuit of this type. For many years the Supreme Court of this State has adhered to the principle that a union member who is aggrieved by acts of the union must exhaust his remedies within the framework of the union before coming into court (*Martin* v. *Favell,* 344 Mich 215; *Harris* v. *Detroit Typographical Union,* 144 Mich 422). The intraunion remedies available to plaintiff in the instant case are set out in the defendant's constitution in article 30, § 19, and article 32 of the constitution of 1957 (article 48, § 19, of the constitution of 1953). Plaintiff, in paragraph 17 of his bill, alleges that he has 'repeatedly made demands to the proper union officials for the reinstatement of his rights.' But such allegation does not satisfy the requirements of exhausting specific intraunion remedies 'provided by the (union) constitution' within the meaning of Mr. Justice Butzel's opinion in the *Martin Case, supra.*

"Recognizing this general rule, plaintiff attempts to bring himself within an exception to this rule and says that he is in the same position as the plaintiff in *Howland* v. *Local Union No. 306, UAW-CIO,* 323 Mich 305. But there are several important differences in the 2 cases. First, Howland was deprived of a tangible property right in that his employment was terminated as a result of his failure to maintain 'membership in good standing' in the union. He offered his dues to the union and they were accepted, yet he was not restored to membership. Plaintiff Knox has not been deprived of his job. Plaintiff Howland also positively averred that he had never received notice of a proposed trial and that none of the other steps required in the defendant union's constitution had been followed by the defendant union. He therefore argued that, based upon this

performance, it would be futile to attempt to obtain relief through the intraunion remedies.

"In the instant case, no such facts are pleaded in plaintiff's bill."

I agree with the ruling as quoted, and find it a good and sufficient reason for grant—so far as concerns the first division of the bill—of defendants' said motion. As the chancellor said later (in the course of his opinion):

"When he [plaintiff] has exhausted these remedies without avail as he must under the many decisions of the Michigan Supreme Court, he may then seek redress in the courts (citing *Mayo* v. *Great Lakes Greyhound Lines*, 333 Mich 205, and *Hartley* v. *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees*, 283 Mich 201)."

I do not, however, for reasons given in *Mathews* v. *United Association*, 351 Mich 293 (followed by Justice Kavanagh and the writer in *Jackson Broadcasting and Television Corporation* v. *State Board of Agriculture*, 360 Mich 481), approve the practice below of utilizing on motion to dismiss the *ex parte* averments of an affidavit (attached to the motion to dismiss), the purpose being that of traversing plaintiff's pleaded and repeated allegation that he was and is a legal member of the defendant local union and so is entitled to recognition as such by force of judicial process. Our recent experience shown in *Peoples Savings Bank* v. *Stoddard*, 351 Mich 342 (same case 359 Mich 297) proves again that justice can be and often is denied by following similar short cuts to decree in avoidance of the trials and labors of a testimonial hearing.

Noting from the variety of motions, petitions, and causes coming here that this practice of trying cases on affidavits—offered in support of and against mo-

tions to dismiss—seems to be increasing rather than decreasing, and noting further that such practice is authorized only in the specifically exceptional instances shown in Court Rule No 18 (1945), I make these allusions solely for the purpose of arresting such unauthorized practice. Here the chancellor's ruling that the first division of plaintiff's bill is insufficient, for want of unequivocal and proper allegation of due exhaustion of remedies available to plaintiff within the constitutional structure of the defendant local union, is by itself sufficient cause for dismissal of such division of the bill. That ruling required no fortification by acceptance of the mentioned affidavit.

As to the second division of the bill, by which plaintiff seeks to enjoin defendants from making use of union funds for political purposes, I agree with the chancellor that the bill fails to state a case cognizable in equity for want of allegation or reference to any law, or rule of law or equity, by which defendants' use, as alleged, of union funds has been made or should be deemed unlawful.

Plaintiff's original bill was filed July 5, 1955. The case was dismissed twice for want of prosecution. Following apparent reinstatement, an amended bill (sworn to under date of December 31, 1956) was filed. It is not without significance that the amended bill was conceived and sworn to shortly after *United States* v. *International Union, United Automobile, Aircraft & Agricultural Implement Workers UAW-CIO,* 352 US 567 (77 S Ct 529, 1 L ed 2d 563), had been argued (December 3 and 4, 1956) and prior to the supreme court's determination thereof. An examination of the *International Union Case* shows that the second division of plaintiff's bill has not as yet received that necessary support upon which it may ride to decree for relief as prayed.

I would affirm, with costs to defendants, allowing plaintiff per statute 30 days within which to amend (see *Lamb* v. *Jeffrey,* 41 Mich 719; *Melvin* v. *Reading,* 346 Mich 348, 356, 357; *Board of Education of Presque Isle Township School District No. 8* v. *Presque Isle County Board of Education,* 357 Mich 148, 155; CL 1948, § 650.18 [Stat Ann 1943 Rev § 27.2608]).

Dethmers, C. J. I concur with Mr. Justice Black in affirmance. Insofar as the first division of plaintiff's bill of complaint is concerned, seeking his restoration to union membership and injunctive relief against interference therewith, I agree with Justice Black's position and reasoning that plaintiff's bill must fall for lack of allegations of due exhaustion of union remedies.

As for the bill's second division, seeking to enjoin expenditure of union funds for political purposes, plaintiff's bill evidently plants his right, and we hold that his right to be heard in court on that subject is dependent on his union membership or right thereto sought to be established by the bill's first division. It follows that, with the first division of the bill falling for stated reasons, the second must fall with it.

Affirmed.

Carr, Kelly, Smith, Edwards, Kavanagh, and Souris, JJ., concurred with Dethmers, C. J.