This is an appeal from an order of the Circuit Court for the Sixth Judicial Circuit affirming the action of the Civil Service Board of the City of Tuscaloosa in terminating the employment of Robert Delbridge III with the city of Tuscaloosa.
On July 9, 1984 Robert Delbridge, a grade IV water treatment operator for the city of Tuscaloosa, and Thomas R. Wear, his supervisor, were involved in a confrontation in Wear's office about Delbridge's activities that morning. The testimony concerning what prompted the incident and what occurred during it is in direct conflict. The evidence tending to support the Personnel Board's finding reveals that Wear called Delbridge into his office to discuss Delbridge's tardiness in beginning his morning activities. During the course of the conversation about the tardiness, Delbridge became insubordinate by telling Wear, who was Delbridge's supervisor, that Wear could not tell him what to do. After reprimanding Delbridge, Wear told Delbridge to leave the plant. Delbridge refused to leave. After several more demands by Wear for Delbridge to leave the plant, which demands were refused, Wear telephoned the police to come and arrest Delbridge for trespass after warning. Wear stated that when he telephoned the police Delbridge picked up a Coca-Cola bottle and drew back as if he were going to throw it at Wear. Wear said that at that moment he feared that he was about to be struck with the bottle. Delbridge, however, did not throw the bottle at Wear.
The police eventually arrived and Delbridge left the plant. Before Delbridge left, however, another grade IV operator replaced him so as not to violate regulations. After Delbridge got to his home, Wear called him and told him that he had talked with the City Personnel Director and that he was now to be informed that he was suspended with pay. After a hearing, Delbridge's employment with the City was terminated by the Personnel Board. The Board's decision was upheld by the circuit court. Delbridge appealed to this court.
On appeal here, Delbridge argues that the decision of the Board should be reversed because it was not supported by substantial evidence and was arbitrary and capricious. Delbridge contends that Wear's version of their confrontation is erroneous and that as a result he was unjustifiably terminated. He says that prior to any disrespect towards Wear, Wear cursed him and told him to leave, that he was fired. Delbridge states that he never threatened Wear as Wear alleged. Moreover, he says that his prior employment record up until this incident was excellent and that he had not had any difficulty with other supervisors. Delbridge also says that the reason he would not leave the plant when ordered was (1) because Wear did not have the authority under the Civil Service Act to fire him, and (2) because he was assigned as operator of the water filtration plant and was prohibited from leaving until relieved by another operator. Wear contends that he did not fire Delbridge but only told him to leave the plant. Also, there was another operator IV on duty at the plant and he immediately replaced Delbridge when Delbridge left the plant.
The Civil Service Act which governs the employees of the city of Tuscaloosa provides that no civil service employee shall be removed or discharged except for "cause." Additionally, the cause must be one which specifically relates to and affects the administration of the office and must be restricted to some evidence of a substantial nature, "substantial evidence," directly affecting the rights and interests of the public. "Substantial evidence," however, has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Peseau v. Civil Service Board,385 So.2d 1310 (Ala.Civ.App. 1980). In sum, under this act, there must be a cause to discharge an employee, and that cause must be proven in order to sustain an employment termination.
In the case at bar the cause for discharge was Delbridge's insubordination *Page 913 
and disobedience of a lawful order of a superior. Although the evidence concerning what occurred between Wear and Delbridge on the day in question is in direct conflict, there is substantial evidence to support the Board's finding that Delbridge was insubordinate.
When the evidence in a case is in conflict, the trier of fact has to resolve the conflicts in the testimony, and it is not within the province of the appellate court to reweigh the testimony and substitute its own judgment for that of the trier of fact. Isbell v. McAbee, 448 So.2d 372 (Ala.Civ.App. 1984). Additionally, the findings by the trier of fact are cloaked with a presumption of correctness and will be disturbed only when manifestly unjust or plainly and palpably wrong. CoosaValley Youth Services v. Etowah County, 460 So.2d 1232 (Ala. 1984).
As to Delbridge's contention that Wear did not have the authority to fire him, we point out again that Wear said that he did not fire Delbridge but ordered Delbridge to leave the plant. Wear was Delbridge's supervisor and had the authority to direct Delbridge in his duties and to tell him to leave the plant, especially in this instance.
Delbridge also says that he could not leave because there was not another operator IV on duty at the plant. The regulations governing the operation of the water filtration plant required an operator IV to be on duty whenever the plant was in operation. However, there was another operator IV on duty at the plant and he was placed in charge by Wear immediately upon Delbridge's exit from the plant.
Finding that there is substantial evidence in the record to support the Board's decision to terminate Delbridge's employment with the city of Tuscaloosa and that such decision is not arbitrary or unjust, we affirm the judgment of the circuit court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.