**Dr. Charles EDWARDS, Guardian for and in Behalf of Craig Alan EDWARDS, a minor, Plaintiff–Appellant,**

v.

**Dale REES and Davis County School District, Defendants–Appellees.**

No. 88–1284.

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1989.

B. Ray Zoll and Tom D. Branch, Salt Lake City, Utah, for plaintiff-appellant.

Allan L. Larson and Andrew M. Morse of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellees.

Before HOLLOWAY, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Charles Edwards, guardian for and in behalf of his son, Craig Alan Edwards, plaintiff in this § 1983 action, appeals the district court's order granting summary judgment in favor of Dale Rees and Davis County School District. We affirm.

In December 1985, Dale Rees, a vice principal at Farmington Junior High School in Farmington, Utah, removed Craig Edwards from the class he was attending at Davis High School. Mr. Rees took the student to a closed office where he interrogated him for twenty minutes concerning a bomb threat received earlier at Farmington Junior High. It is asserted that Mr. Rees threatened the student with felony prosecution, and questioned him in an intimidating and coercive manner. Charles Edwards, in behalf of his son, Craig Alan Edwards, filed this damages action against Mr. Rees and the School District under 42 U.S.C. § 1983, alleging that the interrogation incident constituted a denial of Craig Edwards' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Mr. Edwards also brought pendent state law claims. In a well-reasoned memorandum opinion and order, the trial court held that Craig Edwards was not deprived of a constitutional right under § 1983.

Initially we address appellant's broad argument that the trial court improperly considered the facts before it for the purposes of the motion for summary judgment. Appellant argues that the trial court, in ruling on the motion, failed to view the facts of the case in the light most favorable to the non-moving party. We review the grant of summary judgment de novo, thus the correctness of the trial court's approach in ruling on appellees' motion is important but not critical at this stage. The issue before us is whether appellant failed to make a showing sufficient to establish the existence of an element essential to his case, and on which he would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The parties were largely in agreement in their accounts of what took place at Davis High School the day Mr. Rees interrogated Craig Edwards. The areas of doubt as to the facts were not of consequence. Appellant's case suffered, however, from the paucity of facts he presented in opposition to the motion, and in particular from an overreliance on the seriously deficient affidavit of Craig Edwards. The conclusory and unsubstantiated allegations contained in that affidavit failed to controvert the facts presented by appellees to the trial judge, who relied only on those statements in the affidavit that could have been within the personal knowledge of the affiant. *See Stevens v. Barnard*, 512 F.2d 876, 879 (10th Cir.); Fed.R.Civ.P. 56(e).

In determining what limits the Constitution places on the investigative and discipli-

nary activities of school authorities, the courts have always sought to accommodate both the interests protected by the Constitution and the interests in providing a safe environment conducive to education in the public schools. *New Jersey v. T.L.O.*, 469 U.S. 325, 332 n. 2, 105 S.Ct. 733, 737 n. 2, 83 L.Ed.2d 720 (1985). While students do not "shed their constitutional rights ... at the schoolhouse gate," *Tinker v. Des Moines Ind. Community School Dist.*, 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969), the Supreme Court has never held that "the full panoply of constitutional rules applies with the same force and effect in the schoolhouse as it does in the enforcement of criminal laws." *T.L.O.*, 469 U.S. at 350, 105 S.Ct. at 747 (Powell, J., concurring).

■ Appellant argues that Mr. Rees effected an unlawful seizure of Craig Edwards under the Fourth Amendment when he took him to an office in the school building to question him about the bomb threat. Appellant argues that Craig Edwards was seized for the purposes of the Fourth Amendment because he was taken to a closed office in which he felt constrained to remain until the conclusion of the interrogation. Appellees argue that the incident did not constitute a seizure because Craig Edwards was never told he could not leave, and because Mr. Rees testified in a deposition that he would not have attempted to stop Craig Edwards had he tried to leave. For the purposes of this appeal, we assume without deciding that Mr. Rees seized Craig Edwards for the purposes of the Fourth Amendment, but we hold that any such seizure was reasonable.

■ In considering whether Mr. Rees' conduct constituted an unreasonable seizure, the trial court applied the standard enunciated by the Supreme Court with respect to searches by school officials in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1969). *T.L.O.* involved the search of a student's purse by a school official who suspected her of smoking on campus. The Court held that school offi-

cials are bound by the strictures of the Fourth Amendment, but concluded that

"the accommodation of the privacy interests of schoolchildren with the substantial need of teachers and administrators for freedom to maintain order in the schools does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law. Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search."

*Id.* at 341, 105 S.Ct. at 742. The Court held that a search of a student by a school official is reasonable if it is "justified at its inception," and "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)). We believe that the same considerations which moved the Supreme Court to apply a relaxed Fourth Amendment standard in cases involving school searches support applying the same standard in school seizure cases.

Mr. Rees' conduct was justified at its inception by the statements made to him by two students, both of which implicated Craig Edwards as the individual who called in the threat. Appellant did not dispute that these statements were made to Mr. Rees. The statements led Mr. Rees to believe that questioning Craig Edwards about the incident might "turn up evidence that [Craig Edwards had] violated ... either the law or the rules of the school." See *T.L.O.*, 469 U.S. at 342, 105 S.Ct. at 743. Given the seriousness of the suspected offense, questioning Craig Edwards in an office in the school building for twenty minutes was reasonably related in scope to determining whether he had indeed called in the bomb threat.

Appellant argues, however, that the *T.L.O.* standard is not apropos here, chiefly because Mr. Rees was a vice principal of Farmington Junior High School, while Craig Edwards was a student at Davis High School, where the interrogation took

place. Appellant offers no case law, nor any persuasive justification, for drawing an artificial line between schools within a school district over which a school official may not pass for the purpose of maintaining school order. We decline to draw lines that the Davis County School District apparently has determined are unnecessary to achieve its education objectives.

■ Appellant argues that Craig Edwards was deprived of liberty and property—his "right to be free from the restraints imposed by the criminal justice system," his right to a public education, and his right to his good reputation—without due process of law. This first allegedly deprived right is rather vague and cryptic, and appellant cites *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), to establish its existence. The Court in *Rochin* held that the police may not pump out a suspect's stomach for evidence. We believe that the Court in *Rochin* precluded appellant's reliance on that opinion in this instance when it observed:

> "We are not unmindful that hypothetical situations can be conjured up, shading imperceptibly from the circumstances of this case and by gradations producing practical differences despite seemingly logical extensions. But the Constitution is 'intended to preserve practical and substantial rights, not to maintain theories.'"

*Id.* at 174, 72 S.Ct. at 210. Given the enormous "practical differences," and absence of "seemingly logical extensions," between *Rochin* and this case, we decline to hold that Mr. Rees or the Davis County School District transgressed any right recognized by *Rochin*.

■ Appellant's claim that Craig Edwards was denied his property interest in his right to a public education without due process is precluded by the Court's opinion in *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), upon which he bases his claim. In *Goss*, the Supreme Court held that a student's right to a public education is a property right protected by the due process clause. The Court ruled that the plaintiff's ten-day suspension from high school without a hearing violated his due process rights. However, the Court circumscribed the right.

> "There need be no delay between the time 'notice' is given and the time of the hearing. In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred. We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is."

*Id.* at 582, 95 S.Ct. at 740. Mr. Rees conducted precisely the sort of hearing the Supreme Court described.

Appellant seems to argue that by conducting the meeting itself, Mr. Rees deprived Craig Edwards of an educational property interest. Had Craig Edwards been suspended from school for calling in the bomb threat to Farmington Junior High without the interrogation at issue here, or without some other adequate opportunity to answer the charges, he would have a strong claim based on *Goss*. We hold that by removing Craig Edwards from class for twenty minutes to discuss the accusations against him, Mr. Rees did not deprive Craig Edwards of a property interest protected by the due process clause. To hold otherwise would undermine the very protections that the Supreme Court sought to ensure in *Goss*. To the extent that appellant's claim is based on time taken from Craig Edwards' schooling to attend juvenile proceedings based on the charge that he perpetrated the bomb threat, appellant failed to bring forth any facts supporting such loss of schooling, and therefore has failed to meet his burden under *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

■ Finally, appellant claims that Craig Edwards was deprived of his liberty interest in a good reputation without due process. In order to establish an action under § 1983 on this basis, plaintiff must show that the damage to his reputation also resulted in damage to some tangible interest entangled with his reputation, such

as an employment interest. *See Ewers v. Board of County Commissioners*, 802 F.2d 1242, 1247 (10th Cir.); *McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir.). Appellant presented no evidence of damage to such an entangled interest. Section 1983 is not available as a means for vindicating the honor of aggrieved plaintiffs, but rather as a means for compensating substantial losses occasioned by constitutional violations. *See generally Jett v. Dallas Ind. School Dist.*, — U.S. —, — – —, 109 S.Ct. 2702, — – —, 105 L.Ed.2d 598 (1989).

The interrogation involved in this case does not even approach that which is required to prove a Fourth Amendment or due process claim. We therefore conclude that the trial court properly granted summary judgment as to both Mr. Rees and the Davis County School District. Accordingly, the judgment of the trial court is AFFIRMED in all respects.