677 So.2d 769 (1995)
Jeffery DOLLAR
v.
CITY OF ASHFORD.
2940951.
Court of Civil Appeals of Alabama.
November 3, 1995.
Rehearing Denied December 15, 1995.
Certiorari Denied April 19, 1996.
*770 Gregory B. McCain of Byrd & Spencer, Dothan, for Appellant.
Randall Morgan of Hill, Hill, Carter, Franco, Cole & Black, P.C., Montgomery, for Appellee.
Alabama Supreme Court 1950549.
MONROE, Judge.
This case involves an action against a municipality alleging wrongful termination of employment in retaliation for the filing of a workers' compensation claim.
Jeffery Dollar sued the City of Ashford in September 1994, seeking workers' compensation benefits and seeking damages based on the allegation that his employment had been wrongfully terminated in retaliation for his filing a workers' compensation claim. Upon motion by the city, the trial court dismissed the retaliatory discharge count of Dollar's complaint. The trial court made the dismissal final pursuant to Rule 54(b), Ala.R.Civ.P. Dollar appealed. This case was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Dollar contends that the trial court erred in dismissing his claim alleging retaliatory discharge. The trial court based the dismissal on a holding that the city was immune from liability. The only issue before this court is whether a municipality is immune from liability under § 25-5-11.1, Ala.Code 1975, for terminating employment in retaliation for the filing of a workers' compensation claim.
The Workers' Compensation Act provides that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits." § 25-5-11.1, Ala. Code 1975. The provisions of the Workers' Compensation Act specifically apply to employees of municipalities and govern their employment. § 25-5-13, Ala.Code 1975.
However, § 11-47-190, Ala.Code 1975, provides that municipalities are immune from liability for intentional torts, and that they are liable only for the neglect, carelessness, or unskillfulness of their agents, officers, and employees. The City of Ashford argues that this statute controls in this case and, therefore, that it is not liable for a retaliatory discharge. Dollar contends that the Workers' Compensation Act controls.
"Statutes should be construed together so as to harmonize the provisions as far as practical." Ex parte Jones Manufacturing Co., 589 So.2d 208, 211 (Ala.1991). "In the event of a conflict between two statutes, a specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject." Id.
In interpreting § 11-47-190 in 1982, the supreme court stated that "[u]ntil the legislature chooses to expand the liability of municipalities to include damages for wrongful decision-making, this court will continue to limit such liability to only those injuries caused by `neglect, carelessness or unskillfulness.'" Ott v. Everett, 420 So.2d 258, 260 (Ala.1982).
We find that § 11-47-190 is a general statute relating to the liability of municipalities in general; and that, although the Workers' Compensation Act itself is a general statute, §§ 25-5-11.1 and 25-5-13 are specific statutes relating to specific subjects. Section 25-5-11.1 sets out a cause of action under the Workers' Compensation Act for wrongful termination of an employee in retaliation for the filing of a workers' compensation claim, and § 25-5-13 specifically makes the Workers' Compensation Act applicable to municipalities.
We find that, in enacting these provisions of the Workers' Compensation Act, the legislature expanded the liability of municipalities to include liability for wrongfully terminating an employee in retaliation for the filing of a workers' compensation claim. Section 11-47-190 provides immunity for municipalities from liability for intentional torts, except where specifically provided otherwise by statute.
*771 The trial court erred in dismissing Dollar's claim against the City of Ashford alleging a termination in retaliation for the filing of a workers' compensation claim.
The judgment of the trial court is reversed and this case is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurring specially.
CRAWLEY, J., dissents.
THIGPEN, Judge, concurring specially.
I concur specially to point out that this issue has been indirectly addressed by our Supreme Court in Macon v. Huntsville Utilities, 613 So.2d 318 (Ala.1992). In that case, our Supreme Court held that the statutory cap of $100,000 applicable to suits against a municipality (Ala.Code 1975, § 11-93-2) did not apply to damages awarded in a suit by a municipal employee who alleged wrongful termination after filing a workmen's compensation claim. While that Court did not specifically address the issue as presented in the instant case, it is apparent that the Court recognized the employee's right to maintain an action for retaliatory discharge pursuant to Ala.Code 1975, § 25-5-11.1.
CRAWLEY, Judge, dissenting.
Prior to the enactment of Ala.Code 1975, § 25-5-11.1, an employee at will could be discharged for any reason or for no reason at all. See Meeks v. Opp Cotton Mills, 459 So.2d 814 (Ala.1984). In 1984, our legislature established a retaliatory discharge cause of action to deter employers from discriminating against workmen's compensation claimants who would have had no remedy, under the common law "employment at will" doctrine, for their wrongful termination. See Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1367 (Ala.1988).
I do not believe that the legislature intended, however, by enacting § 25-2-11.1, to repudiate the municipal immunity doctrine outlined in Ala.Code 1975, § 11-47-190. At the time it enacted the retaliatory discharge statute, the legislature was aware that most municipal employees were already covered by civil service acts that provided city workers with the protection against retaliatory discharge that employees at will did not enjoy. "The various civil service systems of this State were created by the Legislature to achieve the goals of stability, continuity, and security in the various job classifications within a municipality." Hall v. City of Tuscaloosa, 421 So.2d 1244, 1249 (Ala.1982).
"One of the purposes of Civil Service laws is to take from the appointing officer the right of arbitrary removal of an appointee; absent such [laws] a public employee has no protection against suspension and removal and he may be suspended or removed with or without cause. 15A Am.Jur.2d Civil Service § 52 (1976)."
Maddox v. Clark, 422 So.2d 791, 794 (Ala.Civ. App.1982) (brackets added by the court in Maddox).
Generally, a civil service employee cannot be discharged except for "cause." See, e.g., Delbridge v. Civil Service Board, 481 So.2d 911 (Ala.Civ.App.1985). "`[F]or cause' implies some personal misconduct, or fact, rendering the employee's further employment harmful to the public interest." Maddox v. Clark, 422 So.2d at 794. Unlike an employee at will, a municipal civil servant who believes that he has been wrongfully terminated has a remedy: he can present his grievance to a personnel board and, eventually, to a circuit judge. See, e.g., Hall v. City of Dothan, 539 So.2d 286 (Ala.Civ.App.1988).
I think it is reasonable to assume that the legislature knew city employees did not need the protection of the retaliatory discharge statute, and that, by enacting § 25-5-11.1, they did not intend to abrogate the municipal immunity provided to cities and towns by § 11-47-190.
The Macon decision, cited in Judge Thigpen's special concurrence, did not deal with municipal immunity. Macon was not a suit against a municipality itself (which would have triggered § 11-47-190), but against a municipal utility. The action in Macon was arguably affected by § 11-93-2, a statute that placed a $100,000 cap on damages against a governmental entity. By contrast, *772 § 11-47-190 forbids an action for an intentional tort against a "city or town." Macon is, therefore, not authority for the proposition that a city employee has the right to maintain an action against the city for retaliatory discharge.