Prior to the enactment of Ala. Code 1975, § 25-5-11.1, an employee at will could be discharged for any reason or for no reason at all. See Meeks v. Opp Cotton Mills, 459 So.2d 814
(Ala. 1984). In 1984, our legislature established a retaliatory discharge cause of action to deter employers from discriminating against workmen's compensation claimants who would have had no remedy, under the common law "employment at will" doctrine, for their wrongful termination. See Twilley v.Daubert Coated Products, Inc., 536 So.2d 1364, 1367 (Ala. 1988).
I do not believe that the legislature intended, however, by enacting § 25-2-11.1, to repudiate the municipal immunity doctrine outlined in Ala. Code 1975, § 11-47-190. At the time it enacted the retaliatory discharge statute, the legislature was aware that most municipal employees were already covered by civil service acts that provided city workers with the protection against retaliatory discharge that employees at will did not enjoy. "The various civil service systems of this State were created by the Legislature to achieve the goals of stability, continuity, and security in the various job classifications within a municipality." Hall v. City ofTuscaloosa, 421 So.2d 1244, 1249 (Ala. 1982).
 "One of the purposes of Civil Service laws is to take from the appointing officer the right of arbitrary removal of an appointee; absent such [laws] a public employee has no protection against suspension and removal and he may be suspended or removed with or without cause. 15A Am.Jur.2d Civil Service § 52 (1976)."
Maddox v. Clark, 422 So.2d 791, 794 (Ala.Civ.App. 1982) (brackets added by the court in Maddox).
Generally, a civil service employee cannot be discharged except for "cause." See, e.g., Delbridge v. Civil ServiceBoard, 481 So.2d 911 (Ala.Civ.App. 1985). " '[F]or cause' implies some personal misconduct, or fact, rendering the employee's further employment harmful to the public interest."Maddox v. Clark, 422 So.2d at 794. Unlike an employee at will, a municipal civil servant who believes that he has been wrongfully terminated has a remedy: he can present his grievance to a personnel board and, eventually, to a circuit judge. See, e.g., Hall v. City of Dothan, 539 So.2d 286
(Ala.Civ.App. 1988).
I think it is reasonable to assume that the legislature knew city employees did not need the protection of the retaliatory discharge statute, and that, by enacting § 25-5-11.1, they did not intend to abrogate the municipal immunity provided to cities and towns by § 11-47-190.
The Macon decision, cited in Judge Thigpen's special concurrence, did not deal with municipal immunity. Macon was not a suit against a municipality itself (which would have triggered § 11-47-190), but against a municipal utility. The action in Macon was arguably affected by § 11-93-2, a statute that placed a $100,000 cap on damages against a governmentalentity. By contrast, *Page 772 
§ 11-47-190 forbids an action for an intentional tort against a"city or town." Macon is, therefore, not authority for the proposition that a city employee has the right to maintain an action against the city for retaliatory discharge.