John DOE, a Minor, (born 01/28/90) By his Next Friend Jane DOE; Jane Doe, individually, Plaintiffs–Appellees,

v.

STATE OF HAWAII DEPARTMENT OF EDUCATION, Defendant,

and

David Keala, Defendant–Appellant.

No. 01–17566.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Filed June 30, 2003.

Gary Hynds, Department of the Attorney General, Honolulu, Hawaii, and Sarah Hirakami, Honolulu, HI, for the defendant-appellant.

Stanley E. Levin, Honolulu, Hawaii, and Edie A. Feldman, Honolulu, HI, for the plaintiffs-appellees.

Before SCHROEDER, Chief Judge, ALARCÓN, and FISHER, Circuit Judges.

SCHROEDER, Chief Judge.

This is a 42 U.S.C. § 1983 case against an elementary school vice principal who taped a second grade student's head to a tree for disciplinary purposes. The district court correctly denied the vice principal's motion for summary judgment on the basis of qualified immunity. Indeed, our decision in *P.B. v. Koch*, 96 F.3d 1298 (9th Cir.1996), compelled that result. We publish this opinion to clarify the issue that we left open in *Koch* regarding whether claims of excessive force by a school official generally should be decided under the Constitution's Fourth Amendment or under the Due Process Clause. *See Koch*, 96 F.3d at 1303 n. 4. We now hold that Doe is entitled to proceed under the Fourth Amendment, in light of the Supreme Court's direction to analyze § 1983 claims under more specific constitutional provisions, when applicable, rather than generalized notions of due process. *See Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

The facts are not complicated. In February 1998, Plaintiff John Doe was a second-grader at Pukalani Elementary School. Doe's teacher sent him to the defendant, Vice Principal David Keala, to

be disciplined for fighting, but Doe then refused to stand still against a wall for his time-out punishment. Keala followed through on his threat to take Doe outside and tape him to a nearby tree if he did not stand still. The vice principal used masking tape to tape Doe's head to the tree. The record is unclear as to whether Doe's face was pressed against the bark. The tape remained for about five minutes until a fifth-grade girl told Keala that she did not think he should be doing that. He instructed the girl to remove the tape, which she did.

In January 2000, Doe filed this action in the district court. The complaint alleged both state and federal claims. Keala moved for summary judgment, arguing, among other things, that he was entitled to qualified immunity. Keala appeals the district court's order denying qualified immunity on the § 1983 claim. We have jurisdiction pursuant to *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and its progeny, and we affirm.

## ANALYSIS

■■■ A public official is not entitled to qualified immunity if his conduct violates " 'clearly established constitutional rights of which a reasonable person would have known.' " *Koch,* 96 F.3d at 1301 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Supreme Court's decision in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), dictates our qualified immunity analysis. We must first determine whether the defendant's alleged conduct constituted a constitutional violation. *Id.* at 201, 121 S.Ct. 2151. If so, the defendant is entitled to qualified immunity only if the constitutional right that he allegedly violated was not clearly established. *Id.*

### A. Constitutional Violation

■ Doe argues that Keala's conduct in taping his head to the tree violated his rights under both the Fourth and Fourteenth Amendments. In *Koch,* we declined to resolve whether a student's claim of excessive force by a school official is more appropriately brought under the Fourth Amendment, rather than under substantive due process standards inherent in the Fourteenth Amendment. *See Koch,* 96 F.3d at 1303 n. 4. We suggested in a footnote that we might agree with the Seventh Circuit's decision that the Fourth Amendment analysis generally applies in the school context. *See id.* (citing *Wallace v. Batavia Sch. Dist.,* 68 F.3d 1010, 1016 (7th Cir.1995)). We do so now.

In *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court directed courts to analyze claims of excessive force under a more specific constitutional provision, if one applies, rather than the general notion of substantive due process. The Court concluded that in most cases, the appropriate constitutional provision will be either the Fourth Amendment's protection against unreasonable seizures or the Eighth Amendment's ban on cruel and unusual punishments. *Id.* at 394, 109 S.Ct. 1865. The *Graham* rule is grounded in the notion that the specific constitutional provisions provide more guidance to judicial decisionmakers than the more open-ended concept of substantive due process. *See Armendariz v. Penman,* 75 F.3d 1311, 1319 (9th Cir.1996) (en banc). Although *Graham* dealt with the criminal context, we have recognized the movement away from substantive due process and toward the Fourth Amendment outside the criminal context as well. *See id.* at 1320.

■ It is clear that the Fourth Amendment applies in the school environment.

*See Vernonia Sch. Dist. 47J v. Acton,* 515 U.S. 646, 655–56, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995); *New Jersey v. T.L.O.,* 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Additionally, the Fifth, Seventh, and Tenth Circuits have all recognized that the Fourth Amendment governs a teacher's seizure of a student. *See Hassan v. Lubbock Indep. Sch. Dist.,* 55 F.3d 1075, 1079 (5th Cir.1995); *Wallace,* 68 F.3d at 1012–15; *Edwards v. Rees,* 883 F.2d 882, 884–85 (10th Cir.1989). We agree that Doe's Fourth Amendment right to be free from an unreasonable seizure "extends to seizures by or at the direction of school officials." *Hassan,* 55 F.3d at 1079. We hold that Doe's claim is appropriately brought under the Fourth Amendment, not the Due Process Clause.

■ Keala argues that the Fourth Amendment should not apply because this case does not involve a law enforcement official acting in an investigatory capacity. The Fourth Amendment applies, however, to government conduct motivated by "investigatory *or administrative* purposes." *See United States v. Attson,* 900 F.2d 1427, 1430–31 (9th Cir.1990) (emphasis added). Keala was a school administrator performing an administrative function by disciplining Doe and maintaining order in the school. *See Wallace,* 68 F.3d at 1013. His conduct is therefore within the scope of the Fourth Amendment.

We recognize that it may be possible for a school official to use excessive force against a student without seizing or searching the student, and that the Fourth Amendment would not apply to such conduct. We therefore do not foreclose the possibility that under some circumstances, a student's excessive force claim against a school official might be more appropriately analyzed under the Due Process Clause of the Fourteenth Amendment than under the Fourth Amendment.

■ Having concluded that Doe's claim should proceed under the Fourth Amendment, we turn to whether Doe can establish that Keala's conduct constituted an unreasonable seizure. Viewing the facts and evidence in Doe's favor as the non-moving party, *see Koch,* 96 F.3d at 1301, we hold that there is sufficient evidence to find a Fourth Amendment violation.

■ Doe has alleged a seizure here in the constitutional sense. Such a seizure occurs when there is a restraint on liberty to the degree that a reasonable person would not feel free to leave. *See United States v. Summers,* 268 F.3d 683, 686 (9th Cir.2001). Being held to a tree with tape for five minutes was such a restraint on Doe's liberty, and constituted a seizure within the meaning of the Fourth Amendment's prohibition against unreasonable search and seizure.

■ A seizure violates the Fourth Amendment if it is objectively unreasonable under the circumstances. *See Santos v. Gates,* 287 F.3d 846, 853 (9th Cir.2002). In applying the Fourth Amendment in the school context, the reasonableness of the seizure must be considered in light of the educational objectives Keala was trying to achieve. *See T.L.O.,* 469 U.S. at 341–42, 105 S.Ct. 733. In *New Jersey v. T.L.O.,* 469 U.S. 325, 342, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), the Supreme Court considered the reasonableness of a search in a school. The court stressed that the search must be reasonably related to its purpose, and must not be "excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id.*

At the time that Keala taped him to the tree, Doe's only offense had been "horsing around" and refusing to stand still. There is no indication that Doe was fighting or that he posed a danger to other students.

Doe was eight years old. Taping his head to a tree for five minutes was so intrusive that a fifth-grader observed it was inappropriate. There is sufficient evidence for a fact finder to conclude that Keala's conduct was objectively unreasonable in violation of the Fourth Amendment.

### B. Clearly Established Right

■ We now address an alleged violation of a student's right to be free of excessive physical punishment or restraint. We observed in *Koch* that the right of a student to be free from excessive force at the hands of teachers employed by the state was clearly established as early as 1990. *See Koch,* 96 F.3d at 1303 n. 4 ("Regardless of the appropriate 'home' for plaintiffs' right to be free from excessive force, there was a clearly established right to be free from such force in 1990 and 1991."). There need not be a case dealing with these particular facts to find Keala's conduct unreasonable. *See Headwaters Forest Def. v. County of Humboldt,* 276 F.3d 1125, 1131 (9th Cir.2002). Indeed it is difficult to imagine this situation recurring with any frequency. The district court therefore properly concluded that Doe's right to be free from excessive forcible restraint was clearly established in 1998, when the events giving rise to this case occurred.

The order of the district court denying qualified immunity is AFFIRMED. The case is REMANDED for further proceedings on Plaintiff's Fourth Amendment claim.