COBB, Chief Justice
(concurring in part and dissenting in part).
I respectfully dissent from Part I of the opinion, interpreting § 9 — 17—33(d), Ala. Code 1975. That Code section states:
“Any first purchaser of production or operator and/or owner of the right to drill substituted for the first commercial purchaser as provided herein, that violates this section shall be liable to the persons legally entitled to the proceeds from production for the unpaid amount of the proceeds plus interest at the rate of 12 percent per annum, the interest *204 accruing from the date at which the proceeds were due as specified herein.”
Even though the majority acknowledges that § 9 — 17—88(d) is penal in nature as noted by the 1991 amendment, and even though the plain language of this statute does not limit the interest charged to “prejudgment” interest, the majority nonetheless concludes that language limiting the extent of the penalty to prejudgment, interest is contained in the statute.
I am constrained to interpret this statute based upon what it says. As I have said before in an analogous context:
“In the past, this Court operated under a duty to adhere to legal precedent without regard to the outcome of the case, and it consistently concluded that the plain language of a statute required that this Court apply it as stated. The rule was generally stated as follows:
“ ‘ “When [a] statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement.” ’
“Macon v. Huntsville Utils., 613 So.2d 318, 320 (Ala.1992) (quoting Parker v. Hilliard, 567 So.2d 1343, 1346 (Ala.1990)). This rule has found application even in the recent past. See, e.g., Bright v. Calhoun, 988 So.2d 492, 498 (Ala.2008) (quoting City of Bessemer v. McClain, 957 So.2d 1061, 1074 (Ala.2006) (‘ “To discern the legislative intent [for purposes of statutory construction], the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction.” ’)); Boutwell v. State, 988 So.2d 1015, 1020 (Ala.2007) (‘ “[Principles of statutory construction instruct this Court to interpret the plain language of [the] statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001).’); Cleburne County Comm’n v. Norton, 979 So.2d 766, 773 (Ala.2007) (“““Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’ ” ’ (quoting Tolar Constr., LLC v. Kean Elec. Co., 944 So.2d 138, 149 (Ala.2006), quoting in turn Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), quoting in turn IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992))). I believe that the majority opinion flies in the face of this precedent and the many other cases that have espoused the principle that this Court’s paramount duty is to apply the plainly expressed language of the law to mean what it says.”
Edwards v. Kia Motors of America, 8 So.3d 277, 284-85 (Ala.2008)(Cobb, C.J., dissenting). Because § 9-17-33(d) imposes interest “from the date at which the proceeds were due,” without reference to the date of a particular judgment, I would construe it accordingly, rather than substitute the Court’s judgment for that of the legislature. I must therefore dissent as to this part of the opinion. In all other respects, I concur with the opinion.